# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CLAUDIA E. CAHILL <br> 3980 Raceview Avenue <br> Cincinnati, OH 45211 <br><br> Plaintiff, <br><br> v. <br><br> CINCINNATI ARTS ASSOCIATION <br> 650 Walnut Street <br> Cincinnati, OH 45202 <br><br> Defendant. | Case No. 01:21-cv-00053 <br><br><br><br><br><br><br> **COMPLAINT WITH JURY DEMAND** |

Plaintiff Claudia E. Cahill, complaining of Defendant Cincinnati Arts Association, states as follows:

## PARTIES

1. Plaintiff Claudia E. Cahill ("Plaintiff") is a resident of the State of Ohio and a citizen of the United States.

2. Defendant Cincinnati Arts Association ("Defendant" or "CAA") is a non-profit Ohio corporation doing business in Ohio with its principal place of business in Ohio.

3. Defendant is an employer under federal and Ohio law and is liable for the claims brought in this Complaint.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. Plaintiff's Count I arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, as amended ("ADEA").

1

5. Plaintiff timely filed a Charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation under the ADEA.

6. Plaintiff did not file a charge of discrimination with respect to her claim for age discrimination and retaliation under Ohio R.C. Chapter 4112.

7. Plaintiff received a Dismissal and Notice of Rights from the EEOC on the above-referenced Charge, and this complaint is filed within 90 days of her receipt of the dismissal.

8. This Court has supplemental jurisdiction over the remaining Counts pursuant to 28 U.S.C. § 1367, because they arise out of the same set of operative facts as those relevant to Counts I so as to make them part of the same case in controversy.

9. Venue is proper in the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391(b), because Plaintiff was employed by Defendant in this division and district, and a substantial part of the events giving rise to these claims occurred in this division and district.

## FACTUAL ALLEGATIONS

10. Plaintiff is 59 years old.

11. Plaintiff was employed by the Defendant and its predecessors for 27 years.

12. Defendant is a promoter of the arts and entertainment in the Cincinnati region.

13. Plaintiff was a loyal and dedicated employee of Defendant and was fully qualified for her positions at all times.

14. Plaintiff's last position with Defendant was as Concessions and Hospitality Manager at the Aronoff Center in Cincinnati, Ohio.

15. Plaintiff was routinely complimented on her performance by senior staff and members of Defendant's Board of Directors, and she received a performance bonus the year before her termination.

16. Plaintiff's work environment deteriorated in 2019 when she came under the supervision of a new General Manager, Kelly Biscopink, who is in her thirties.

17. Ms. Biscopink routinely subjected Plaintiff and other older employees to more scrutiny and higher standards than younger employees and targeted them for termination or to force them to quit.

18. One CAA employee in her sixties was harassed and criticized by Ms. Biscopink so badly that she wanted to resign.

19. Ms. Biscopink harassed and criticized another CAA employee who is in her fifties and was targeting her for termination at the time Defendant terminated Plaintiff.

20. A third employee in her eighties who had worked for CAA and its predecessors for 25 years or more was terminated shortly after Plaintiff, in lieu of a much younger employee.

21. Ms. Biscopink was also reluctant to hire older workers and plainly preferred to hire workers in their twenties and thirties.

22. Ms. Biscopink labeled older employees, including Plaintiff, who raised questions or made suggestions "uncooperative" or "unable to make changes" and discounted their opinions and experience.

23. Younger employees who asked questions or made suggestions were not disparaged for doing so or targeted for scrutiny, even when they performed worse than the older employees.

24. In one example, Ms. Biscopink told Vice President of Operations Todd Duesing on October 18, 2019 that Plaintiff "resents authority," because she questioned whether a promotion proposed by Ms. Biscopink would violate liquor laws and expose CAA to liability.

3

25. Plaintiff informed Mr. Duesing that Ms. Biscopink had become hostile to her in her work environment, but Mr. Duesing did not remedy the situation.

26. Instead, Mr. Duesing tried to force Plaintiff to resign, then terminated her on October 21, 2019 when she refused to do so.

27. Plaintiff was replaced by a woman in her early forties with significantly less experience than Plaintiff.

28. Defendant engages in a pattern and practice of discrimination of age discrimination.

## COUNT I

### (Age Discrimination – ADEA)

29. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

30. Plaintiff is over 40 years old.

31. Plaintiff was fully qualified for her position at all relevant times.

32. Defendant discriminated against Plaintiff because of her age by terminating her employment, replacing her with a less qualified, substantially younger person, creating a hostile work environment, and treating her less favorably than substantially younger employees.

33. Defendant retaliated against Plaintiff for complaining of a hostile work environment by terminating her employment.

34. Defendant' conduct was intentional, in bad faith, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

35. As a direct and proximate result of Defendant' unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief under the ADEA.

## COUNT II

### (Age Discrimination – O.R.C. Chapter 4112)

36. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

37. Plaintiff is over 40 years old.

38. Plaintiff was fully qualified for her position at all relevant times.

39. Defendant discriminated against Plaintiff because of her age by terminating her employment, replacing her with a less qualified, substantially younger person, creating a hostile work environment, and treating her less favorably than substantially younger employees.

40. Defendant retaliated against Plaintiff for complaining of a hostile work environment by terminating her employment.

41. Defendant' conduct was intentional, in bad faith, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

42. As a direct and proximate result of Defendant' unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief under Ohio Revised Code Chapter 4112.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Plaintiff be reinstated to her employment;

(b) That Defendant be enjoined from further unlawful activity;

(c) That Plaintiff be awarded all lost pay and benefits, and front pay;

(d) That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be awarded reasonable attorneys' fees and costs;

(h) That Plaintiff be awarded pre- and post-judgment interest;

(i) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years; and

(j) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Elizabeth S. Tuck
Elizabeth S. Tuck (0076542)
Trial Attorney for Plaintiff
THE TUCK FIRM, LLC
810 Sycamore St., 4th Floor
Cincinnati, OH 45202
Ph: 513.545.6781 / Fax: 513.293.9081
*lisa@tuckfirm.com*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Elizabeth S. Tuck